**BARSHAY SANDERS, PLLC**
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
Email: *ConsumerRights@BarshaySanders.com*
*Attorneys for Plaintiff*
Our File No.: 119087

**UNITED STATES DISTRICT COURT
DISTRICT OF UTAH
SALT LAKE CITY DIVISION**

| | |
|---|---|
| Cassandra Gracius, individually and on behalf of all others similarly situated, | Docket No: |
| Plaintiff, | **CLASS ACTION COMPLAINT** |
| vs. | JURY TRIAL DEMANDED |
| Aldous & Associates, PLLC, | |
| Defendant. | |

Cassandra Gracius, individually and on behalf of all others similarly situated (hereinafter referred to as "*Plaintiff*"), by and through the undersigned counsel, complains, states and alleges against Aldous & Associates, PLLC (hereinafter referred to as "*Defendant*"), as follows:

**INTRODUCTION**

1.     This action seeks to recover for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (the "FDCPA").

**JURISDICTION AND VENUE**

2.     This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

3.     Venue is proper under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

1

4.     At all relevant times, Defendant conducted business within the State of Utah.

## PARTIES

5.     Plaintiff Cassandra Gracius is an individual who is a citizen of the State of New York residing in Kings County, New York.

6.     Plaintiff is a natural person allegedly obligated to pay a debt.

7.     Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

8.     On information and belief, Defendant Aldous & Associates, PLLC, is a Utah Professional Limited Liability Company with a principal place of business in Utah County, Utah.

9.     Defendant regularly collects or attempts to collect debts asserted to be owed to others.

10.    Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

11.    The principal purpose of Defendant's business is the collection of such debts.

12.    Defendant uses the mails in its debt collection business.

13.    Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## ALLEGATIONS SPECIFIC TO PLAINTIFF

14.    Defendant alleges Plaintiff owes a debt ("the alleged Debt").

15.    The alleged Debt is an alleged obligation of Plaintiff to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes.

16.    The alleged Debt does not arise from any business enterprise of Plaintiff.

17.    The alleged Debt is a "debt" as defined by 15 U.S.C. § 1692a(5).

18.    At an exact time known only to Defendant, the alleged Debt was assigned or otherwise transferred to Defendant for collection.

19.    At the time the alleged Debt was assigned or otherwise transferred to Defendant for collection, the alleged Debt was in default.

20.    In its efforts to collect the alleged Debt, Defendant contacted Plaintiff by letter ("the Letter") dated September 10, 2019. (A true and accurate copy is annexed hereto as **"Exhibit 1."**)

21.    The Letter conveyed information regarding the alleged Debt.

2

22. The Letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

23. The Letter was the initial written communication Plaintiff received from Defendant concerning the alleged Debt.

24. The Letter was received and read by Plaintiff.

25. 15 U.S.C. § 1692g protects Plaintiff's concrete interests. Plaintiff has the interest and right to receive a clear, accurate and unambiguous validation notice, which allows a consumer to confirm that he or she owes the debt sought to be collected by the debt collector. As set forth herein, Defendant deprived Plaintiff of this right.

26. 15 U.S.C. § 1692e protects Plaintiff's concrete interests. Plaintiff has the interest and right to be free from deceptive and/or misleading communications from Defendant. As set forth herein, Defendant deprived Plaintiff of this right.

27. 15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

28. 15 U.S.C. § 1692g(a)(1) provides that the written notice must contain the amount of the debt.

29. 15 U.S.C. § 1692g(a)(2) provides that the written notice must contain the name of the creditor to whom the debt is owed.

30. 15 U.S.C. § 1692g(a)(3) provides that the written notice must contain a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector.

31. 15 U.S.C. § 1692g(a)(4) provides that the written notice must contain a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector

32. 15 U.S.C. § 1692g(a)(5) provides that the written notice must contain a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

3

33. A debt collector has the obligation, not just to convey the required information, but also to convey such clearly.

34. Even if a debt collector conveys the required information accurately, the debt collector nonetheless violates the FDCPA if that information is overshadowed or contradicted by other language in the communication.

35. Even if a debt collector conveys the required information accurately, the debt collector nonetheless violates the FDCPA if that information is overshadowed by other collection activities during the 30-day validation period following the communication.

36. 15 U.S.C. § 1692g(b) provides that collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.

37. A collection activity or communication overshadows or contradicts the validation notice if it would make the least sophisticated consumer uncertain or confused as to her rights.

38. Demanding payment during the 30-day validation without explaining that such demand does not override the consumer's right to dispute the debt is a violation of 15 U.S.C. § 1692g(b).

39. Demanding payment during the 30-day validation without explaining that such demand does not override the consumer's right to request validation of the debt is a violation of 15 U.S.C. § 1692g(b).

40. Demanding payment during the 30-day validation without explaining that such demand does not override the consumer's right to request the name and address of the original creditor is a violation of 15 U.S.C. § 1692g(b).

41. The Letter demands payment during the 30-day validation.

42. The Letter provides: "Formal demand is hereby made upon you for immediate debt resolution upon your receipt of this letter."

43. The Letter contains no statement pertaining to Plaintiff's rights following such payment demand.

44. The Letter fails to advise that such payment demand does not override the Plaintiff's right to dispute the alleged Debt.

45. The Letter fails to advise that such payment demand does not override the Plaintiff's right to request validation of the alleged Debt.

4

46. The Letter fails to advise that such payment demand does not override the Plaintiff's right to request the name and address of the original creditor.

47. The least sophisticated consumer, upon reading such payment demand, could reasonably interpret the Letter to mean that even if she exercises her validation rights, she must nevertheless make a payment.

48. The least sophisticated consumer, upon reading such payment demand, and in the absence of any further explanation, could reasonably interpret the Letter to mean that even if she disputes the validity of the alleged Debt, she must nevertheless make a payment even during the verification process.

49. As a result of the foregoing, the Letter would likely discourage the least sophisticated consumer from exercising her right to dispute the alleged Debt.

50. As a result of the foregoing, the Letter would likely discourage the least sophisticated consumer from exercising her right to request validation of the alleged Debt.

51. As a result of the foregoing, such payment demand would likely make the least sophisticated consumer confused as to her rights.

52. As a result of the foregoing, such payment demand would likely make the least sophisticated consumer uncertain as to her rights.

53. Defendant violated 15 U.S.C. § 1692g(b) as such payment demand overshadows the disclosure of the consumer's right to dispute the alleged Debt.

54. Defendant violated 15 U.S.C. § 1692g(b) as such payment demand overshadows the disclosure of the consumer's right to request validation of the alleged Debt.

55. Defendant violated 15 U.S.C. § 1692g(b) as such payment demand overshadows the disclosure of the consumer's right to request the name and address of the original creditor.

56. Defendant violated 15 U.S.C. § 1692g(b) as such payment demand is inconsistent with the disclosure of the consumer's right to dispute the alleged Debt.

57. Defendant violated 15 U.S.C. § 1692g(b) as such payment demand is inconsistent with the disclosure of the consumer's right to request validation of the alleged Debt.

58. Defendant violated 15 U.S.C. § 1692g(b) as such payment demand is inconsistent with the disclosure of the consumer's right to request the name and address of the original creditor.

59. 15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

60. 15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

61. A debt collection practice can be a "false, deceptive, or misleading" practice in violation of 15 U.S.C. § 1692e even if it does not fall within any of the subsections of 15 U.S.C. § 1692e.

62. A collection letter violates 15 U.S.C. § 1692e if, in the eyes of the least sophisticated consumer it is open to more than one reasonable interpretation, at least one of which is inaccurate.

63. A collection letter also violates 15 U.S.C. § 1692e if it is reasonably susceptible to an inaccurate reading by the least sophisticated consumer.

64. The least sophisticated consumer could reasonably interpret the Letter to mean that even if she exercises her validation rights, she nevertheless must make a payment.

65. The least sophisticated consumer, upon reading such payment demand, and in the absence of any further explanation, could reasonably interpret the Letter to mean that even if she disputes the validity of the alleged Debt, she nevertheless must make a payment even during the verification process.

66. Because the Letter is open to more than one reasonable interpretation it violates 15 U.S.C. § 1692e.

67. Because the Letter is reasonably susceptible to an inaccurate reading by the least sophisticated consumer it violates 15 U.S.C. § 1692e.

68. For the foregoing reasons, Defendant violated 15 U.S.C. §§ 1692g(b), 1692e and 1692e(10) and is liable to Plaintiff therefor.

## **CLASS ALLEGATIONS**

69. Plaintiff brings this action individually and as a class action on behalf of all persons similarly situated in the State of Utah.

70. Plaintiff seeks to certify a class of:

> All consumers to whom Defendant sent a collection letter in which the consumer's validation rights were overshadowed by a payment demand, substantially and materially similar to the Letter sent to Plaintiff, which letter was sent on or after a date one year prior to the filing of this action to the present.

71. This action seeks a finding that Defendant's conduct violates the FDCPA, and asks that the Court award damages as authorized by 15 U.S.C. § 1692k.

72. The Class consists of more than thirty-five persons.

73. Plaintiff's claims are typical of the claims of the Class. Common questions of law or fact raised by this action affect all members of the Class and predominate over any individual issues. Common relief is therefore sought on behalf of all members of the Class. A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

74. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests. Defendant has acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

75. Plaintiff will fairly and adequately protect and represent the interests of the Class. The management of the class is not extraordinarily difficult, and the factual and legal issues raised by this action will not require extended contact with the members of the Class, because Defendant's conduct was perpetrated on all members of the Class and will be established by common proof. Moreover, Plaintiff has retained counsel experienced in actions brought under consumer protection laws.

## JURY DEMAND

76. Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE** Plaintiff respectfully requests judgment be entered:

    a. Certifying this action as a class action; and

    b. Appointing Plaintiff as Class Representative and Plaintiff's attorneys as Class Counsel;

    c. Finding Defendant's actions violate the FDCPA; and

    d. Granting damages against Defendant pursuant to 15 U.S.C. § 1692k; and

    e. Granting Plaintiff's attorneys' fees pursuant to 15 U.S.C. § 1692k; and

    f. Granting Plaintiff's costs; all together with

    g. Such other relief that the Court determines is just and proper.

DATED: April 17, 2020

                            **BARSHAY SANDERS, PLLC**

                            By: _/s/ *Craig B. Sanders*_
                            Craig B. Sanders, Esquire
                            100 Garden City Plaza, Suite 500
                            Garden City, New York 11530
                            Tel: (516) 203-7600
                            Fax: (516) 706-5055
                            csanders@barshaysanders.com
                            *Attorneys for Plaintiff*
                            Our File No.: 119087